UNITED STATES v. GRASER-ROTHE.

(Circuit Court, S. D. Ohio. August 21, 1908.)

No. 6,266 (1,977).

1. CUSTOMS DUTIES — CLASSIFICATION — GRANITO — "WASTE"—"CRUDE MINERAL."

So-called granito or terrazo, produced by crushing the waste of marble quarries and sifting or sorting it into various sizes, is subject to classification as an unenumerated manufactured article, under Tariff Act July 24, 1897, c. 11, § 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), rather than as "waste," under section 1, Schedule N, par. 463, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679), or as minerals "crude," under section 2, Free List, par. 614, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685).

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7406-7408, 7833.]

2. WORDS AND PHRASES—"MANUFACTURED."

Where marble waste, a comparatively valueless material, has been converted into a commodity of use and value by a special manufacturing process, whereby it has acquired a new name and use, it ceases to be a "crude" mineral, and becomes a "manufactured" one.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4344-4346; vol. 8, p. 7716.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision of the Board of General Appraisers (G. A. 6,631; T. D. 28,289) sustained the protest of M. A. Graser-Rothe against the assessment of duty by the surveyor of customs at the port of Cincinnati. The opinions filed by the board read as follows:

Fischer, General Appraiser. The merchandise consists of crushed marble, upon which duty was assessed at the rate of 10 per cent. ad valorem, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 463, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679), as waste not specially provided for. The importer in his protest contends that the merchandise should be admitted free of duty under section 2, Free List, par. 614, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685), as "minerals, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture, not specially provided for." The invoices describe it as "terrazosteine," and we find that it is also called "terrazo" and "granito." It is the waste from marble quarries, crushed in a machine and sifted or sorted into various sizes.

This merchandise has merely been crushed, and not ground. "Crushing," as defined by the Standard Dictionary, consists of breaking into bits by pressure, whereas the same authority defines "grinding" as a reduction to fine particles or powder by crushing or friction; the first being simply a reduction in size, while the other is reducing to a powder or pulverizing. Stone which has simply been crushed by machinery or otherwise has been repeatedly held not to be manufactured; and the board has held in numerous decisions that this article is entitled to free entry under paragraph 614 of the present act and similar provisions under previous acts. Note G. A. 5,573 (T. D. 24,988); G. A. 2,785 (T. D. 15,391); G. A. 2,343 (T. D. 14,551); Abstract 4,091 (T. D. 25,867); Abstract 7,773 (T. D. 26,655); Abstract 10,547 (T. D. 27,223); Abstract 12,634 (T. D. 27,572).

The classification of this merchandise as waste is a stultification of the government's contention; for, if the article be waste it is clearly not a manufactured article, and clearly cannot be an article advanced in value or condition by a process of manufacture. The sifting or sorting is merely an operation similar to that of jigging in the case of ores, and it does not change the crushed stone from its unmanufactured state. This crushed stone is therefore not a manufactured article, and has not been advanced in value or condition by refining, by grinding, or by other process of manufacture.

Following the rulings above cited, we sustain the protests and reverse the decision of the collector in each case.

Howell, General Appraiser (concurring). Inasmuch as the commodity here in question has been the subject of decision by this board on several occasions during the past three years, and has in every instance been held to be entitled to free entry under the provisions of paragraph 614, I am constrained to concur in the conclusion of my colleagues that these protests should be sustained. Unembarrassed by the previous rulings, I should reach a different conclusion.

In my judgment it is unnecessary to discuss the question as to whether or not there be any such distinction as that which my colleagues attempt to make between grinding and crushing, though I think there is very little difference between them, for one of the definitions of "grinding" is to crush into small fragments. If it be admitted, however, that the article has not been advanced in value and condition by grinding, it certainly has been so advanced by "a process of manufacture," which is sufficient to take it out of paragraph 614.

The article is produced from the waste of marble quarries. The testimony shows that this waste, which is practically valueless commercially, is ground or crushed in a machine specially made for the purpose, and that it is assorted or separated into sizes by passing the crushed marble through sieves or screens of various sized mesh. In this condition, which is the condition in which it is imported, it is known as "granito" or "terrazo," and is worth from $10 to $12 per ton. It is used with cement in making mosaic floors. The merchandise as imported has therefore been converted from a comparatively valueless article into a commodity of use and value by a process of manufacture specially designed for the purpose. Labor and machinery have been used in producing it, and because of the manufacturing process it has acquired a new name and new use. It is therefore no longer a crude mineral, but is a manufactured article. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012; Schriefer v. Wood, 5 Blatchf. 215, Fed. Cas. No. 12,481; Stockwell v. U. S., 3 Cliff. 284, Fed. Cas. No. 13,466; Erhardt v. Hahn, 55 Fed. 273, 5 C. C. A. 99; In re Gardiner (C. C.) 72 Fed. 494.

In the Erhardt Case, supra, the Circuit Court of Appeals for the Second Circuit said: "It has been repeatedly decided under the tariff acts that where an article has been advanced through one or more processes into a complete commercial article, known and recognized in the trade by a specific and distinctive name other than the name of the material, and is put into a completed shape designed and adapted for a particular use, it is deemed to be a manufacture."

The Gardiner Case, supra, also seems to me to be directly in point. In that case the court held that bones which had been crushed and screened were no longer crude bones, which were specially provided for in paragraph 511 of the act of 1890 (Act Oct. 1, 1890, c. 1244, § 2, Free List, 26 Stat. 604), but were to be regarded as a manufactured article. The pertinent portion of the paragraph under consideration in that case reads as follows: "Bones, crude, or not burned, calcined, ground, steamed, or otherwise manufactured." The court (McKenna, Circuit Judge), in referring to this paragraph, said: "It appears to regard bones which are burned, calcined, or ground as manufactured. If so, the words 'otherwise manufactured' would include those crushed and screened; and it is conceded that the bones in controversy are crushed and screened."

In the case at bar the marble has been ground or crushed in a machine specially made for the purpose, and then screened, and by these processes a comparatively valueless article has been converted into an article of con-

siderable value, with a distinct name and use in the trade and commerce of the country. This, I think, clearly takes the merchandise out of the purview of paragraph 614, which, under the decision in the Erhardt Case, is to be limited "to minerals in a state of preparation for manufacturing uses before they have reached the condition of a manufactured article." The commodity in question is certainly advanced beyond the stage of a crude mineral. It is marble advanced from a crude state through the application thereto of skilled labor. It is, however, still "marble," and not an article "made up of marble" (United States v. Dudley, 174 U. S. 670, 19 Sup. Ct. 801, 43 L. Ed. 1129), and is therefore not dutiable as a manufacture of marble under paragraph 115 (Tide-Water Oil Co. v. United States, 171 U. S. 210, 18 Sup. Ct. 837, 43 L. Ed. 139).

In my opinion the article is properly dutiable at 20 per cent. ad valorem under the provision in section 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), for "all articles manufactured, in whole or in part, not provided for in this act." Worthington v. Robbins, 139 U. S. 337, 11 Sup. Ct. 581, 35 L. Ed. 181 ; G. A. 4,921 (T. D. 23,028).

Sherman T. McPherson, U. S. Atty.

THOMPSON, District Judge.     I agree with General Appraiser Howell that:

"The merchandise as imported has been converted from a comparatively valueless article into a commodity of use and value by a process of manufacture specially designed for the purpose. Labor and machinery have been used in producing it, and because of the manufacturing process it has acquired a new name and a new use. It is therefore no longer a crude mineral, but is a manufactured article."

It is dutiable at 20 per cent. ad valorem under the provision in section 6, for "all articles manufactured, in whole or in part, not provided for in this act." See Tariff Act July 24, 1897, c. 11, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693).